BAGNELL TIMBER COMPANY *v.* BROOKS.

Opinion delivered February 13, 1904.

TENDER—COSTS.—A tender after suit brought of the amount of the debt sued on, without including the costs already accrued, is insufficient to stop the running of interest and costs.

Appeal from Stone Chancery Court.

FREDERICK D. FULKERSON, Judge.

Affirmed with modification.

STATEMENT BY THE COURT.

The appellant filed a bill in equity in the court below against W. W. Brooks, to which the other appellee made himself a party, wherein it alleged that said Brooks, as its agent, had received $200 from it with which to buy the following school lands, towit: The southeast quarter of the northeast quarter, and the west half of the southeast quarter, and the northeast quarter of the southwest quarter of section sixteen (16), township seventeen (17) north, range eleven (11) west, and by its direction and for it had purchased the northwest quarter of the northeast quarter, and the northeast quarter of the northwest quarter of section twenty (20), township fifteen (15) north, range ten (10) west—all in Stone county; that after purchasing said land, by its direction, and with the direction to have the right and title to said lands taken in its name, the said defendant had secretly taken the deed to said school land to himself, fraudulently representing all the while that he had obeyed instructions in having it deeded to the said company, and that it only learned thereof afterward, and that said deed was never put on record. It prayed that the defendant be required to bring the deeds into court, and that the title to said lands be divested out of defendant, and vest in plaintiff, for costs, etc.

The defendant, Brooks, filed an answer, admitting the allegation that plaintiff was a corporation, but denied the other allegations, except that the purchase price of the lands was $200. And he alleged that he had an agreement with the plaintiff, through Mr. Bagnell, its president, that he was to obtain a sale of the lands; that the plaintiff was to furnish the purchase price; that the plaintiff was to have the timber on the lands to pay the company back; defendant was to pay the remainder, either in other timber, ties or money, under the above contract; that the said lands were sold at his instance; that the plaintiff advanced the price of them, towit, $200; that he had caused ties to be cut therefrom, which had produced $110 to plaintiff; that plaintiff had put E. P. Hawkins in charge of their business which he had been controlling, and by reason thereof it prevented defendant from complying with his contract, or defendant would have paid all the money advanced by plaintiff as the purchase price of said lands.

The court heard the case upon the testimony of Wm. Bagnell, the president of the appellant company, of W. W. Brooks, the appellee, and of Chas. E. Meyer, the secretary and treasurer of the appellant company, and thereupon rendered a decree for the appellee Brooks. The decree recited: "It appearing to the court that the second tract of land in section 20 was not in controversy, because the defendant Brooks had tendered the plaintiff a deed, the matter was heard relating to the land in section 16 in the complaint; and the court, being advised in the premises, finds that the defendant Brooks has paid ties to the amount of $110, and upon payment of balance $90, which he tendered in court, is entitled to have the title to said land in him; and that, the defendant having tendered the $90 in court, and being refused by plaintiff, plaintiff's bill is dismissed for want of equity; and the defendant thereupon deposited by order of court the sum of $90 in the Bank of Batesville, at Batesville, Arkansas, subject to the order of the court," and thereupon the court dismissed the plaintiff's bill at its cost.

*Yancey, Reeder & Casey,* and *Morris M. Cohn,* for appellant.

The appellee Brooks was bound by the instructions accompanying the check. Mech. Ag. § § 473, 474. · The court should have declared a resulting trust in favor of appellant. 15 Ark. 312; 20 Ark. 272; 54 Ark. 499. The fraudulent act of the agent in appropriating to himself the benefits of a contract made for his principal will not avail him anything. 26 Ark. 344; 25 Ark. 219: 26 Ark. 445; 39 Ark. 309; 46 Ark. 420; 58 Ark. 351; 52 Ark. 253; 53 Ark. 135; *Ib.* 234; 62 Ark. 598; 62 Ark. 602; 39 Ark. 313; 26 Ark. 351.

*W. H. Miller* and *Phillips & Campbell,* for appellee.

The evidence sufficiently sustains the decree. 48 Ark. 174. Since the bill prayed only for absolute vesting of title, and not for any other or further relief, none other was grantable. 19 Ark. 62; 30 Ark. 336; 29 Ark. 643; 30 Ark. 612; 13 Ark. 187; 57 Ark. 638. The statute of frauds cuts off any lien or trust in respect to the alleged further indebtedness. Sand. & H. Dig. § 3480; 42 Ark. 511; 45 Ark. 481; 50 Ark. 71; 55 Ark. 414; 67 Ark. 526.

*Yancey, Reeder & Casey,* and *Morris M. Cohn,* for appellant in reply.

A tender must include costs to date.   17 Pick. 87; 10 Gray, 351; 8 N. H. 367; 19 Wend. 304; 13 Oh. 131; 2 Rich. Law, 64; 25 Vt. 498; 11 Ind. 525; 5 Ia. 460; 3 McCord, 428.

HUGHES, J. (after stating the facts).   We have carefully considered all the testimony in the case, and find that in our opinion the evidence does not show that there was a clear preponderance against the finding of the chancellor, but that the preponderance of the evidence supports the finding.   But the tender of $90 which was found by the court to have been made, to pay the balance of the purchase price of the lands in section 16 was not made till after suit had been brought by the appellant, and there was no tender of costs in the cause made by the appellee, and for this reason the decree is so modified as to require that the defendant be required to pay all the costs, and to pay interest on the $90 tendered from the date of the institution of the suit.   With this modification the decree is affirmed.

BUNN, C. J. (dissenting).   This is a bill in equity to declare and enforce a resulting trust in regard to a tract of land purchased by appellee Brooks with money of appellant company, taking deed in his own name.   Appellant contends that the money ($200) was delivered by it to Brooks to purchase the 160 acres of school land, and take deed in its own name; and that it was further agreed that Brooks should be privileged to cut tie timber off of the land, and that when he should cut and deliver to the company enough to cover the $200 and other indebtedness of his to the company, then the company would convey the land to him.

Brooks contends that the agreement was that appellant should furnish the money, and he was to cut and deliver the ties from the land, and what the proceeds of same lacked in paying the $200 he would make up in other timber or money.   At this time Brooks was indebted on past timber dealing to appellant in the sum of $1,500, or thereabouts, but he had not made a return or statement of his transactions to it, and the appellant did not know anything concerning the same.   Evidently, from the language used, the agreement to convey to Brooks when he had got

out ties sufficient to cover the $200 and his indebtedness had reference to whatever would be owing by Brooks to the company on transactions other than that concerning said school lands. To sustain these conflicting theories, Bagnell, president of the company, testified on the part of the plaintiff, and Brooks on his own behalf. The chancellor, upon the pleading and evidence, decreed in favor of the defendants, and plaintiff appealed.

Casting aside all oral testimony as offsetting itself, in consummation of the land purchased, plaintiff sent Brooks the following letter and inclosed check, towit:

"12-26-1899.

*"Mr. W. W. Brooks, Mountain View, Ark.:*

"Dear Sir—Your favor of the 25th inst. received. We inclose herewith our check No. 25480, on Miss. Valley Trust Co. for $200 to purchase the 160 acres school land. Have deed made to Bagnell Timber Company, and when paid out will make deed to you or to whom you direct. If you should not use the check, kindly return the same to us.

"[Signed]                    "C. E. MEYER, Sec."

This direction in writing is plain and direct, and leaves no room for misunderstanding. If it was in conflict with their previous verbal agreement, according to his conception, Brooks should have returned the check, and waited to have some more definite understanding. Certainly, he had no right to appropriate the company's money to his own use by having the deed made in his own name, and then try to conform matters to what mere memory recalled of the understanding of the matter. His duty was to have appropriated the proceeds of the check as directed in the letter inclosing it, and, if he was unwilling to do this, then his only alternative was to return it for further direction.

After he had purchased the land, Brooks wrote to the company thus: "I have bought the school land today, and will send you deed as soon as I get it from Little Rock. It is made there." This ought to be conclusive of his understanding at the time he paid for the lands, whatever he may have done as to the deed afterwards. I think the evidence is altogether in favor of the plaintiff's contention, and the decree should have been reversed, and decree entered for plaintiff.